UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Petitioner,

  v.

BECKY L. BAUER,

    Respondent.

Case No. C09-0805RSL

ORDER TO SHOW CAUSE REGARDING PETITION FOR JUDICIAL APPROVAL OF LEVY UPON A PRINCIPAL RESIDENT

This matter comes before the Court on the government's petition for judicial approval of a levy on the principal residence of the respondent. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 6334(e)(1)(B). The government seeks an order requiring respondent to show cause why the Court should not approve the levy.

In general, a principal residence is exempt from levy unless a judge or magistrate judge approves the levy. 28 U.S.C. § 6334(e)(1)(A). The statute does not set forth guidelines to determine when a levy should be approved and the case law is scarce. However, the legislative history provides some guidance and explains that approval is appropriate only when the government has shown "(1) that the requirements of any applicable law or administrative procedure relevant to the levy have been met, (2) that the liability is owed, and (3) that no reasonable alternative for the collection of the taxpayer's debt exists." IRS Restructuring and

ORDER TO SHOW CAUSE - 1

Reform Act of 1998, Conference Report to Accompany H.R. 2676, H.R. Conf. Rep. No. 105-599, 105th Cong., 2d Sess., at 267 (cited with approval in In re Lawrence, 2004 U.S. Dist. LEXIS 22228 at *4 (D. Ariz. September 29, 2004)).

Here, the Court is satisfied that the foregoing requirements have been met. The Declaration of Richard Ped, Revenue Officer, and the attached Exhibit A show that a tax liability in excess of $200,000 is owed. Declaration of Richard Ped, (Dkt. #2) ("Ped Decl.") at ¶ 7. The IRS made assessments against respondent for unpaid federal income taxes, penalties, interest, and other statutory additions for the income tax years 2004 and 2005. The IRS notified respondent of the deficiency, filed notices of federal tax liens, and notified respondent with two "final notices" dated July 10, 2007 and February 17, 2008. Id., Ex. C. The "final notices" and their attachments, sent by certified mail, appear to have satisfied the requirements of 26 U.S.C. § 6331(d) and § 6330, including providing respondent with notice of her right to appeal. Despite those notices, respondent failed to make a payment.

Moreover, the government has shown that no reasonable alternative exists to collect respondent's debt. Revenue Officer Ped spoke with respondent and her attorney several times to discuss her options, but respondent has not paid the amount due. Ped Decl. at ¶ 10. The IRS attempted to satisfy respondent's unpaid tax liability with an on-going wage levy, but respondent subsequently left that employment. The IRS also filed federal tax liens and levies on all of respondent's known levy sources, including bank accounts and the only known IRA, but those sources were insufficient and are no longer generating funds. Id. at ¶ 10. For these reasons, the government has shown that a levy on respondent's principal residence is the only feasible means of securing payment of her tax liability.

Accordingly, respondent must show cause by August 28, 2009 why the Court should not grant the petition and approve the IRS levy on the real property located at 10501 8th Avenue NE, Unit 411, Seattle, Washington 98125. If respondent fails to file an objection by that date, the government may file a proposed order requesting that the Court approve the levy. If respondent objects to the levy, she must file her objections with the Court by August 28, 2009

ORDER TO SHOW CAUSE - 2

and serve a copy on the government at the following address:

    Alexis V. Andrews
    US Department of Justice (Tax - Box 683)
    Tax Division
    PO BOX 683
    Ben Franklin Station
    Washington, DC 20044-0683

Respondent's response should address whether the unpaid tax liability has been satisfied, whether she has other assets from which the liability can be satisfied, and any claim that the IRS failed to follow applicable laws and procedures related to the levy. The Clerk of the Court is requested to place this order to show cause on the Court's calendar for August 28, 2009. If the respondent files objections, the Court may contact the parties to arrange a time to hold a hearing on the matter.

    Within five days of the date of this order, the government must serve a copy of this order, the petition, and the supporting documents on the respondent. Proof of service must be filed.

    DATED this 30th day of July, 2009.


                                          Robert S. Lasnik
                                          United States District Judge

ORDER TO SHOW CAUSE - 3